United States District Court for the Western District of Texas
Austin Division

| | | |
|---|---|---|
| Salvador Sanchez | § | |
| | § | Case no. 1:22-cv-01197-LY-DH |
| v. | § | |
| | § | |
| Bryan Thomas, Doe 1, Doe 2, | § | |
| and Hays County | § | |

**Plaintiff's First Amended Complaint**

I. **Introduction**

This is a lawsuit about Bryan Thomas, a former correctional officer at the Hays County Jail, who used excessive force against Salvador Sanchez, a Hays County detainee, because he demanded food. This lawsuit is also about the two as-yet-unidentified correctional officers who instead of stopping Thomas' conduct, helped him abuse Salvador by crushing his hand in a food slot. The behavior of these three correctional officers was the foreseeable result of Hays County's policies and practices about using force and serving food to detainees housed in so-called "violent cells".

II. **Parties**

1. Plaintiff Salvador Sanchez is a pretrial detainee in the custody of Hays County.

2. Bryan Thomas is a resident and employee of Hays County. During the dates relevant to this lawsuit, Thomas worked as a correctional officer at the Hays County Jail. Plaintiff sues Officer Thomas in his individual capacity for compensatory and punitive damages. Officer Thomas has been served and has appeared in this case.

3. Does 1 and 2 are a yet-to-be-identified correctional officers who worked at the Hays County Jail at the time of this incident. The Doe Defendants are sued in their individual capacities for compensatory and punitive damages.

4. Hays County is in the Western District of Texas. The County operates the Hays County Jail and employed the individual defendants at the relevant times. Sheriff Gary Cutler was the policymaker for Hays County. Hays County has been served and has appeared.

III. **Jurisdiction**

5. This Court has federal question subject matter jurisdiction over this 42 U.S.C. § 1983 lawsuit under 28 U.S.C. § 1331.

6. This Court has general personal jurisdiction over Thomas, Doe 1, and Doe 2 because each lives and works in Texas. The County is subject to general jurisdiction because it is a Texas county.

7. This Court has specific personal jurisdiction over Thomas, Doe 1, Doe 2, and Hays County because this case is about their conduct that occurred in San Marcos, Texas.

**IV.    Venue**

8. Under 28 U.S.C. § 1391(b), the Western District of Texas is the correct venue for this lawsuit because the relevant events occurred in the Western District.

**V.    Facts**

9. On or about May 30, 2021, Bryan Thomas, Doe 1, and Doe 2 were each working as correctional officers in the Hays County Jail and were on shift during the early morning hours.

10. On or about May 30, 2021, Salvador Sanchez was being held in a "violent cell", specifically "violent cell 3," or "VC3," a cell located close to the bonding area of the Hays County Jail.

11. These cells are segregated from the general population.

12. Per Hays County policy, Salvador was not fed dinner the night before.

13. Salvador was very hungry.

14. Because Salvador had been placed in a segregated cell, he was unable to access any commissary or other means of satiating his hunger. This is Hays County policy.

15. Detainees held in so-called "violent cells" are provided food through a food slot. This is Hays County policy.

16. This food slot is also the only means of communicating a need or emergency to jail staff. This is Hays County policy.

17. This food slot is also the only method of seeing outside of the cell. This is Hays County policy.

18. Because Salvador was hungry and had no access to food, he followed Hays County policy for communicating with jail staff. In other words, he stuck his arm into the food slot to alert jail staff that he needed food.

19. Defendant Thomas told Salvador that he would not receive food.

20. Thomas then used his foot to shove the food slot closed, smashing Salvador's hand.

21. Salvador yelled in pain.

22. Defendant Thomas ignored Salvador's cry of pain and continued to apply force.

23. While Thomas was using his foot to kick the food slot closed, the Doe Defendants used their hands to assist Thomas shove the food slot closed on Salvador's hand.

24. Not only did Doe 1 and Doe 2 fail to stop Thomas' actions, but they also assisted in this excessive use of force, submitting Salvador to even more force.

25. Salvador's hand is permanently disfigured.

26. Salvador works in construction and so this permanent hand injury has affected hiw ability to earn a living once he is no longer detained.

VI. **Claims**

A. **§ 1983 excessive force claim against Officers Thomas, Doe 1, and Doe 2: Defendant Officers intentionally smashed Salvador's hand.**

27. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

28. The Officer Defendants were acting under color of law as Hays County Jail correctional officers when Defendant Thomas kicked the food slot and smashed Salvador's hand. Thomas kicked Salvador's hand when he posed no threat of serious bodily injury to himself or others. Salvador was being held alone in a segregated jail cell, without the ability to cause talk to, touch, or see anyone, much less cause physical harm against any person, when Thomas smashed his hand. Then, Defendants Doe 1 and Doe 2 followed suit and used their hands to force the food slot door shut with full knowledge that Salvador's hand would be smashed as result. Salvador Sanchez suffered physical injury from the use of excessive force from not one, but three, different correctional officers simultaneously. Salvador's right hand is now permanently disfigured as a result of Defendants' actions.

29. Salvador Sanchez was under the custody and care of the Hays County Jail and these individual Defendants. He was yelling in pain, begging officers to stop, and was unable to move his hand from the food slot once the officers began using force. Salvador's inability to move his hand out of the food slot once the force began can, at most, be characterized as passive resistance. Use of this level of force is not justified in response to passive resistance, nor is it justified as punishment for Salvador's conduct.

30. A reasonable human being, much less a reasonable correctional officer would know that smashing a man's hand in a food slot violates clearly established law.

31. The Officer Defendants' use of force against Salvador was clearly excessive to the need, objectively unreasonable in light of established law, and directly caused injury. The Officer Defendants violated Salvador's Fourth and Fourteenth Amendment rights to be free from excessive force and cruel punishment.

32. As a direct and proximate result of the Officer Defendants' actions, Salvador suffered greatly.

B. **§ 1983 bystander liability claim against Officers Thomas, Doe 1, and Doe 2: Defendant Officers did nothing to stop their co-workers from using excessive force.**

33. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

34. Each Officer Defendant, while acting under color of law, observed co-workers abuse Salvador by smashing his hand, but did nothing to stop the other officers from using excessive force.

35. Each Officer Defendant knew at the time of the incident that smashing Salvador's hand was excessive and cruel and that there was no justification for such force. Each Officer Defendant knew that Salvador was not a threat to anyone.

36. Each Officer Defendant had an opportunity to intervene to stop the other officers from using excessive force but did not do so.

37. Rather, each Officer Defendant aided their co-workers in applying excessive force.

38. Each of the Officer Defendants' failure to intervene—when they were present at the use of force, had the ability to stop the use of force, and failed to take reasonable measures to protect Salvador from other officers—proximately caused Salvador to suffer a serious and permanently disfiguring hand injury.

**C. Punitive damages claim against Officers Thomas, Doe 1, and Doe 2: Defendant Officers acted with such disregard for Salvador's humanity, this case warrants damages that will deter this type of misconduct in the future.**

38. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

39. The Officer Defendants' conduct was intentional, egregious, reckless, and abhorrent with respect to a known risk of harm and personal injury to Salvador.

40. Salvador seeks punitive damages to deter this type of unabashed and cruel excessive force in the future and to send a message that such abuses will not be tolerated in Hays County.

**D. § 1983 *Monell* claim against Hays County:**

41. Plaintiffs incorporate by reference all of the foregoing and further alleges as follows:

42. Hays County had the following policies, practices, or customs in place when the Officer Defendants injured Salvador and violated his constitutional rights:

   a. Using force when it is not justified,
   b. Using excessive force on non-threatening detainees,
   c. Using force to punish detainees for making complaints such as complaints of hunger,
   d. Not intervening to stop excessive force,
   e. Failing to investigate and discipline officers for excessive force,
   f. Failing to investigate and discipline officers for not intervening to stop excessive force,
   g. Requiring detainees in certain cells to communicate with staff through food slots,
   h. Not feeding detainees in certain cells when they complain if hunger,
   i. Requiring that food slots remain closed between mealtimes,

   j. Failing to train officers about known hazards associated with food slots,

   k. Failing to maintain and repair food slots,

   l. Failing to replace non-functional or dangerous food slots, and

   m. Failing to inspect food slots.

43. Each of the policies, practices, or customs delineated above was actually known, constructively known and/or ratified by Hays County and its policymaker for jail purposes, Sheriff Gary Cutler, and was promulgated with deliberate indifference to Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution. Moreover, the known and obvious consequence of these policies, practices, or customs was that Hay County jail officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of law, would result.

44. Consequently, the policies and conduct delineated above were a moving force of Plaintiff's constitutional deprivations and injuries, and proximately caused severe damages.

45. Further, upon information and belief, Hays County supervisors, including Sheriff Cutler, reviewed Defendant Officers' conduct with regard to Plaintiff, and found no problems, and took no action to discipline them. As Cutler appears to have reviewed and approved the conduct and the basis for it, Cutler and Hays County ratified the Defendant Officers' unconstitutional and cruel actions.

**VII. Damages**

Salvador Sanchez seeks recovery for all his damages including his past and future physical pain, his past and future mental anguish, permanent disfigurement, future loss of earning capacity because Salvador works with his hands, pre and post judgment interest, attorney's fees, expenses, and costs.

**VIII. Request for jury trial**

Salvador Sanchez requests a jury trial.

**IX. Prayer**

For all these reasons, Salvador Sanchez requests that Defendants answer his allegations and that this Court:

   a. Award compensatory damages against Hays County, and compensatory and punitive damages against the individual Officer Defendants,

   b. Award Plaintiff costs and fees, including but not limited to expert fees and attorneys' fees, pursuant to 42 U.S.C. § 1988;

    c. Award pre-judgment and post-judgment interest at the highest rate allowable under the law; and,

    d. Award and grant such other just relief as the Court deems proper.

                                      Respectfully submitted,
                                      */s/ Karen Muñoz*
                                      Karen Muñoz
                                      Muñoz Law
                                      P.O. Box 3361
                                      San Marcos, TX 78667
                                      512-375-0891
                                      kmunozlaw@gmail.com

                                      Rebecca Webber
                                      Webber Law
                                      4228 Threadgill Street
                                      Austin, Texas 78723
                                      512-537-8833
                                      rebecca@rebweblaw.com
                                      Attorneys for Plaintiff Salvador Sanchez

**Certificate of Service**

I certify that I served this Complaint via email to all counsel of record on March 17, 2023 and that I filed this Complaint on March 20, 2023 via the Court's CM/ECF which will also serve all counsel of record.

                                      */s/ Rebecca Webber*
                                      Rebecca Webber