THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SALVADOR SANCHEZ** (Hays County No. 892738), *Plaintiff*, | § § § § § § § § § | CASE 1:22-CV-01197-LY-DH |
| v. | | |
| **C.O. THOMAS, et al.,** *Defendants*. | | |

### DEFENDANT BRYAN THOMAS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE YEAKEL:

Defendant Hays County Sheriff's Office ("HCSO") Corrections Officer Bryan Thomas ("Thomas") files this Answer to Plaintiff's First Amended Complaint (Doc. 24).

**I.**
**ANSWER**

In response to Section I, Introduction, of the Amended Complaint, Thomas admits that he is no longer employed as a corrections officer with HCSO. Thomas denies all remaining factual allegations contained in Section I, Introduction, of the Amended Complaint, and specifically denies that Salvador Sanchez' ("Plaintiff") constitutional rights were violated.

1. Thomas admits all factual allegations contained in Paragraph 1 of the Amended Complaint.

2. Thomas admits all factual allegations contained in Paragraph 2 of the Amended Complaint. Thomas denies that Plaintiff is entitled to any damages. The remainder of Paragraph 2 of the Amended Complaint contains only legal conclusions, to which no response is required.

3. In response to Paragraph 3 of the Amended Complaint, Thomas is without knowledge or information sufficient to admit or deny the factual allegations regarding Does 1 and

2. Thomas denies that Plaintiff is entitled to any damages.  The remainder of Paragraph 3 of the Amended Complaint contains only legal conclusions, to which no response is required.

4. Paragraph 4 of the Amended Complaint contains only legal conclusions to which no response is required.

5. In response to Paragraph 5 of the Amended Complaint, Thomas admits that, to the extent that Plaintiff has valid claims, this Court has subject matter jurisdiction over the claims under 28 U.S.C. §1331 relating to actions arising under the United States Constitution and 42 U.S.C. §1983, although Thomas denies that Plaintiff has stated a claim upon which relief can be granted.  The remainder of Paragraph 5 contains only legal conclusions to which no response is required.

6. In response to Paragraph 6 of the Amended Complaint, with regard to Doe 1 and Doe 2, Thomas is without knowledge or information sufficient to admit or deny the allegations regarding general personal jurisdiction. Thomas admits that, to the extent that Plaintiff has valid claims, this Court has general personal jurisdiction over Thomas, although Thomas denies that Plaintiff has stated a claim upon which relief can be granted.  Thomas admits that this Court has general jurisdiction over Hays County. The remainder of Paragraph 6 contains only legal conclusions to which no response is required.

7. In response to Paragraph 7 of the Amended Complaint, with regard to Doe 1 and Doe 2, Thomas is without knowledge or information sufficient to admit or deny the allegations regarding specific personal jurisdiction. Thomas admits that, to the extent that Plaintiff has valid claims, this Court has specific personal jurisdiction over Thomas, although Thomas denies that Plaintiff has stated a claim upon which relief can be granted.  Thomas admits that this Court has

specific personal jurisdiction over Hays County. The remainder of Paragraph 7 contains only legal conclusions to which no response is required.

8.  In response to Paragraph 8 of the Amended Complaint, Thomas admits that the venue for Plaintiff's claims is in the United States District Court for the Western District, Austin Division.

9.  Thomas is without knowledge or information sufficient to admit or deny all factual allegations contained in Paragraph 9 of the Amended Complaint.

10. In response to Paragraph 10 of the Amended Complaint, Thomas admits that Plaintiff was held in a segregation cell on May 30, 2021, from 12:00 a.m. until 9:39 a.m., but denies that he was held in "violent cell 3" or "VC3"" Thomas admits that VC3 is located approximately 50 feet from the bonding area.

11. In response to Paragraph 11 of the Amended Complaint, to the extent that "these cells" is referring to violent cells, Thomas admits the factual allegations contained therein.

12. In response to Paragraph 12 of the Amended Complaint, Thomas denies that Hays County Policy provides that any inmate is denied dinner. Thomas is without information or knowledge sufficient to admit or deny if Plaintiff, for some reason, did not receive dinner on a particular night.

13. Thomas is without information or knowledge sufficient to admit or deny all factual allegations contained in Paragraph 13 of the Amended Complaint.

14. In response to Paragraph 14 of the Amended Complaint, Thomas admits that, because Plaintiff had been placed in a violent cell for disciplinary reasons and for being assaultive toward officers, he was not allowed to have commissary while in this cell. Thomas further admits that Plaintiff being denied commissary was pursuant to Hays County policy.

15. In response to Paragraph 15 of the Amended Complaint, Thomas admits that, with respect to any detainee being held in a violent cell, food is provided through a food slot pursuant to Hays County policy.

16. Thomas denies all factual allegations contained in Paragraph 16 of the Amended Complaint.

17. Thomas denies all factual allegations contained in Paragraph 17 of the Amended Complaint.

18. In response to Paragraph 18 of the Amended Complaint, Thomas is without knowledge or information sufficient to admit or deny if Plaintiff was hungry. Thomas admits that, at the time of the incident in question, Plaintiff did not have access to food, other than the three meals of food provided to him each day.  Thomas denies all remaining factual allegations contained in Paragraph 18 of the Amended Complaint

19. Thomas denies all factual allegations contained in Paragraph 19 of the Amended Complaint.

20. Thomas denies all factual allegations contained in Paragraph 20 of the Amended Complaint.

21. Thomas denies all factual allegations contained in Paragraph 21 of the Amended Complaint to the extent it implies that Plaintiff screamed in pain in response to the alleged actions in Paragraph 20 of the Amended Complaint.

22. Thomas denies all factual allegations contained in Paragraph 22 of the Amended Complaint.

23. Thomas denies all factual allegations contained in Paragraph 23 of the Amended Complaint.

24. Thomas denies all factual allegations contained in Paragraph 24 of the Amended Complaint.

25. In response to Paragraph 25 of the Amended Complaint, Thomas denies that, if Plaintiff's hand is permanently disfigured, it is due to any action on the part of Thomas, Doe 1, or Doe 2.

26. In response to Paragraph 26 of the Amended Complaint, Thomas is without knowledge or information sufficient to admit or deny all factual allegations contained therein, but specifically denies that, if Plaintiff's hand is permanently disfigured, it is due to any action on the part of Thomas, Doe 1, or Doe 2.

27. In response to Paragraph 27 of the Amended Complaint, Thomas incorporates his responses to Paragraphs 1 through 26 as set forth above.

28. In response to Paragraph 28 of the Amended Complaint, Thomas admits that Plaintiff was being held in a segregated jail cell without the ability to touch anyone. Thomas denies all remaining factual allegations contained in Paragraph 28 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. Thomas is without knowledge or information sufficient to admit or deny if Plaintiff's hand is permanently disfigured, but denies that, if it is permanently disfigured, it is due to any action on the part of Thomas, Doe 1, or Doe 2. The remainder of Paragraph 28 of the Amended Complaint contains only legal conclusions to which no response is required.

29. In response to Paragraph 29 of the Amended Complaint, Thomas admits that Plaintiff was in the custody of the Hays County Jail. Thomas denies all remaining factual allegations contained in Paragraph 29 of the Amended Complaint and specifically denies that

Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights.  The remainder of Paragraph 29 of the Amended Complaint contains only legal conclusions to which no response is required.

30. In response to Paragraph 30 of the Amended Complaint, Thomas denies that Thomas, Doe 1, or Doe 2 smashed Plaintiff's hand in a food slot and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights.  The remainder of Paragraph 30 of the Amended Complaint contains only legal conclusions to which no response is required.

31. Thomas denies all factual allegations contained in Paragraph 31 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights.  The remainder of Paragraph 31 of the Amended Complaint contains only legal conclusions to which no response is required.

32. Thomas denies all factual allegations contained in Paragraph 32 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights.

33. In response to Paragraph 33 of the Amended Complaint, Thomas incorporates his responses to Paragraphs 1 through 32 as set forth above.

34. Thomas denies all factual allegations contained in Paragraph 34 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. The remainder of Paragraph 34 of the Amended Complaint contains only legal conclusions to which no response is required.

35. Thomas denies all factual allegations contained in Paragraph 35 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. The remainder of Paragraph 35 of the Amended Complaint contains only legal conclusions to which no response is required.

36. Thomas denies all factual allegations contained in Paragraph 36 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. The remainder of Paragraph 36 of the Amended Complaint contains only legal conclusions to which no response is required.

37. Thomas denies all factual allegations contained in Paragraph 37 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. The remainder of Paragraph 37 of the Amended Complaint contains only legal conclusions to which no response is required.

38. Thomas denies all factual allegations contained in Paragraph 38 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. Thomas is without knowledge or information sufficient to admit or deny if Plaintiff's hand is permanently disfigured, but denies that, if it is permanently disfigured, it is due to any action on the part of Thomas, Doe 1, or Doe 2. The remainder of Paragraph 38 of the Amended Complaint contains only legal conclusions to which no response is required.

39. In response to the second Paragraph 38 of the Amended Complaint, Thomas incorporates his responses to Paragraphs 1 through the first Paragraph 38 as set forth above.

40. Thomas denies all factual allegations contained in Paragraph 39 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. The remainder of Paragraph 39 of the Amended Complaint contains only legal conclusions to which no response is required.

41. Thomas denies all factual allegations contained in Paragraph 40 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional

rights. Thomas further denies that Plaintiff is entitled to any damages. The remainder of Paragraph 40 of the Amended Complaint contains only legal conclusions to which no response is required.

42. In response to the second Paragraph 41 of the Amended Complaint, Thomas incorporates his responses to Paragraphs 1 through the first Paragraph 40 as set forth above.

43. Thomas denies all factual allegations contained in Paragraph 42 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights.

44. Thomas denies all factual allegations contained in Paragraph 43 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. The remainder of Paragraph 43 of the Amended Complaint contains only legal conclusions to which no response is required.

45. Thomas denies all factual allegations contained in Paragraph 44 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. The remainder of Paragraph 44 of the Amended Complaint contains only legal conclusions to which no response is required.

46. Thomas denies all factual allegations contained in Paragraph 45 of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. The remainder of Paragraph 45 of the Amended Complaint contains only legal conclusions to which no response is required.

47. Thomas denies all factual allegations contained in the Damages paragraph of the Amended Complaint and specifically denies that Thomas, Doe 1, or Doe 2 violated Plaintiff's constitutional rights. Thomas is without knowledge or information sufficient to admit or deny if Plaintiff's hand is permanently disfigured, but denies that, if it is permanently disfigured, it is due

to any action on the part of Thomas, Doe 1, or Doe 2. Further, Thomas is without knowledge or information sufficient to admit or deny whether Plaintiff works with his hands. Thomas denies that Plaintiff is entitled to any damages.

48. The Jury Trial paragraph of the Amended Complaint contains only legal conclusions to which no response is required.

49. In response to the Prayer paragraph of the Amended Complaint, Thomas denies that Plaintiff is entitled to any damages.

## II.
### AFFIRMATIVE DEFENSES

50. Plaintiff has failed to state a claim upon which relief can be granted.

51. Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity. Thomas has not violated any established right under the Constitution or laws of the United States or any political subdivision or any act of Congress providing for the protection of civil rights. In the alternative, Thomas has not violated any clearly established constitutional or statutory rights that a reasonable person is likely to have known and is, therefore, entitled to qualified immunity.

52. Plaintiff has failed to identify a policy, practice, or custom that is the moving force behind any alleged constitutional right.

53. Plaintiff has not suffered any damages.

54. The damages alleged by the Plaintiff are not attributable to the conduct of Thomas, Doe 1, or Doe 2.

Corrections Officer Bryan Thomas prays that this Court dismiss this action, and for any and all necessary and proper relief to which he may show himself justly entitled.

Respectfully submitted,

**MCGINNIS LOCHRIDGE LLP**
1111 West Sixth Street, Building B, Suite 400
Austin, Texas 78703
512.495.6000 (telephone)
512.495.6093 (telecopier)
mshaunessy@mcginnislaw.com

By: */s/ Michael Shaunessy*
MICHAEL SHAUNESSY
State Bar No. 18134550

*Attorneys for Defendant Corrections Officer Bryan Thomas*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 31st day of March, 2023, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system and, further, that I provided service of such filing on the following party by certified mail, return receipt requested:

Karen Munoz
MUNOZ LAW
P. O. Box 3361
San Marcos, Texas 78667
kmunozlaw@gmail.com
*Attorneys for Plaintiff Salvador Sanchez*

Rebecca Webber
WEBBER LAW
4228 Threadgill Street
Austin, Texas 78723
rebecca@rebweblaw.com
*Attorneys for Plaintiff Salvador Sanchez*

/s/ *Michael Shaunessy*
MICHAEL SHAUNESSY