# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SALVADOR SANCHEZ,<br>*Plaintiff*<br><br>v.<br><br>BRYAN THOMAS, HAYS COUNTY, ALEC MORENO, TAYLOR NETHERCUTT, SHAWNE WAHLERT, JULISSA VILLALPANDO,<br>*Defendants* | §<br>§<br>§<br>§<br>§  No. 1:22-CV-01197-DII<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Salvador Sanchez's motion for leave to file a third amended complaint, Dkt. 104, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge grant the motion.

## I.   BACKGROUND

Sanchez, a pretrial detainee, filed this lawsuit after multiple corrections officers allegedly assaulted him when he reached his hand out of his cell to request food. Dkts. 1; 49. Because Sanchez was inside a cell at the time of the alleged assault, he did not know the identities of two of the three officers involved in the incident at the time he filed his complaint or first amended complaint. Dkts. 1; 24. After Defendants identified Officers Taylor Nethercutt and Alec Moreno as the unidentified

1

officers in their initial disclosures, 104-4, at 3-4, Sanchez filed a second amended complaint adding these defendants to the lawsuit. Dkt. 49. Sanchez filed his second amended complaint within the deadline for doing so, July 17, 2023, under the scheduling order in this case. Dkts. 32; 49.

In early 2024, Sanchez contacted Defendants to confirm that Moreno had been correctly identified in their initial disclosures as "one of the other offices who was involved in the incident with [Sanchez] which forms the basis of this suit." Dkt. 104-4, at 3. Defendants responded that Moreno had not been misidentified but warned that they could not confirm that Moreno would have "any recollection" of the incident. Dkt. 104-5, at 3-4. In March 2024, however, Defendants provided Sanchez with discovery indicating that Corporal Kalynda Narvaiz's body-worn camera went into "event mode" during her shift on the night of the alleged incident. Dkt. 105-8, at 5.[1] During Officer Bryan Thomas's deposition that same month, he testified that Narvaiz—and not Moreno—was in fact the third officer present during the alleged assault. Dkt. 104-2, at 6-7. Four months later, Sanchez asked this Court to allow him to amend his complaint to substitute Narvaiz for Moreno as the correct defendant in this case. Dkt. 104. Defendants oppose Sanchez's request. Dkt. 105.

## II.   LEGAL STANDARD

"Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "Where a court's permission for leave to amend is required because the

---

[1] Defendants had provided discovery as early as May 2023 identifying Narvaiz as one of 28 officers on duty at the time of the alleged assault. Dkts. 105-1; 105-2, at 3; 113-2.

amendment is not a matter of course, leave to amend 'shall be freely given when justice so requires.'" *Id.* (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "This is a lenient standard, but it does not apply if an amendment would require the modification of a previously entered scheduling order." *Id.* "Instead, Rule 16(b) governs the amendment of pleadings 'after a scheduling order's deadline to amend has expired.'" *Id.* (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). "Only upon the movant's demonstration of good cause to modify the scheduling order [under Rule 16(b)] will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters.*, 315 F.3d at 536.

The good cause standard under Rule 16(b) requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Further, the Fifth Circuit has adopted a four-factor analysis to address good cause as to "untimely motions to amend pleadings." *Id.* at 536. In determining whether good cause is shown, the Court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Filgueira*, 734 F.3d at 422 (citing *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th

3

Cir. 2012)). The analysis likewise applies to leave sought for the purpose of adding new parties. *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (finding no abuse of discretion where the district court denied a request to add a new party for failure to show good cause).

### III.   DISCUSSION

Because Sanchez filed this motion to amend after the deadline to amend his complaint or join parties to this lawsuit, his request to substitute Narvaiz as a defendant is governed by Rule 16(b). Dkts. 32, 104; *Filgueira*, 734 F.3d at 422 (citation omitted). As explained below, Sanchez has established good cause for his proposed amendment under Rule 16(b)(4) and has satisfied Rule 15's permissive standard for amending his complaint.

#### A.   Rule 16(b)

##### 1.   *Sanchez's explanation for failure to timely amend*

The first factor is the explanation for failure to timely move to amend. *Filgueira*, 734 F.3d at 422. Sanchez argues that he did not timely ask the Court to substitute Narvaiz as a defendant to this lawsuit because Defendants concealed her presence at the scene of the alleged assault forming the basis of Sanchez's claims. Dkt. 104, at 3-4. Specifically, Sanchez contends that Defendants did not disclose Narvaiz as a person with relevant information in their initial disclosures and failed to amend their initial disclosures or provide discovery identifying Narvaiz despite discovery requests seeking such information and the fact that Narvaiz's involvement in the incident was within Defendants' possession throughout the lawsuit. *Id.*; Dkts. 104-7; 104-8. Sanchez thus only learned of Narvaiz's presence at the scene of the

4

alleged assault through Defendant Thomas's deposition in March 2024. Dkt. 104-2, at 6.

Defendants respond that Sanchez should have been more diligent in identifying Narvaiz despite their incorrect identification of Moreno in their initial disclosures.[2] Dkt. 105, at 3-4. In particular, Defendants point out that they produced discovery in May 2023 and March 2024 demonstrating that Narvaiz was on duty the night of the alleged assault and that her body-worn camera went into "event mode" at the time of alleged assault, and that Sanchez's only discovery requests specifically regarding Narvaiz were untimely.[3] *Id.* at 4-5. Defendants also highlight that Sanchez did not take any depositions until after the deadline to amend pleadings and waited four months after learning of Narvaiz's involvement (through Officer Thomas's deposition in March 2024) to seek leave to amend his complaint. *Id.* at 5-6.

While Defendants' criticism of Sanchez's delay in seeking leave to amend after learning of Narvaiz's involvement in the incident is well taken, such delay does not

---

[2] Defendants insist that contrary to Sanchez's contention that they identified Moreno in their initial disclosures, Dkt. 104, at 3-4, they in fact only stated in their initial disclosures that he "may have been one of the other [officers] who was involved in the incident with [Sanchez] which forms the basis of this suit and, as such, may have knowledge of facts relevant to this matter." Dkt. 104-4, at 3. Regardless of Defendants' use of the word "may" in their initial disclosures, they nonetheless have a continuing obligation under Federal Rule of Civil Procedure 26 to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information" and to "supplement or correct [their] disclosure or response … in a timely manner if [they learn] that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(a)(1), (e)(1)(A).

[3] Defendants objected to all requests for discovery as to Narvaiz on this basis. Dtkt. 113-6. Sanchez "recognizes" that "Defendants will never respond to the written discovery [Sanchez] served" and does not press for such discovery. Dkt. 113, at 6.

5

excuse Defendants of their obligation to "disclose certain information, including the identities of relevant individuals, 'without awaiting a discovery request from the other side.'" *Mejia v. Big Lots Stores, Inc.*, No. SA-13-CA-504, 2015 WL 11622484, at *2 (W.D. Tex. May 20, 2015) (quoting Fed. R. Civ. P. 26(a)); *cf. Heatcraft Refrigeration Prods. LLC v. Freezing Equip. Co.*, No. 3:20-CV-1689-L, 2022 WL 3904681, at *2 (N.D. Tex. Mar. 22, 2022) (denying motion for leave to amend where moving party "fail[ed] to explain why it waited an additional two months before seeking leave to amend after allegedly discovering this issue"). As noted above, *supra* note 2, Defendants had an obligation under Rule 26 to provide accurate information in their initial disclosures[4] and supplement those disclosures once they learned that they had incorrectly identified Moreno as an officer who "may" have been involved in the incident and that Narvaiz was in fact an "individual likely to have discoverable information" as someone present during the alleged assault. Fed. R. Civ. P. 26(a)(1), (e)(1)(A).

While Sanchez certainly could have displayed more diligence in seeking to amend his complaint once he learned of Narvaiz's involvement in the alleged assault, Sanchez has demonstrated that he diligently sought to identify Narvaiz prior to the deadline to amend pleadings and could not have identified her prior to that deadline

---

[4] Of course, Narvaiz's identity was within Defendants' possession from the beginning of this case. It bears emphasis that this is not the first time the undersigned has found Defendants to have transgressed their discovery obligations under the Federal Rules of Civil Procedure. *See* Dkt. 145.

based on the discovery Defendants had provided.[5] Sanchez's inability to ascertain Narvaiz's role in the alleged assault by the deadline to amend his pleadings was thus due almost entirely to Defendants' failure to comply with Rule 26 by providing accurate information in their initial disclosures. Indeed, it was only in March 2024 that Defendants provided discovery identifying Narvaiz as an officer whose body-worn camera footage went into "event mode" around the time of the incident and Thomas testified to her involvement. *See* Dkts. 104-2, at 6-7; 105-1; 105-2, at 3. Taking into account Sanchez's own delay in seeking leave to amend his complaint, the undersigned nonetheless finds that he has offered a sufficient explanation for his failure to seek leave to amend within the deadline set by the scheduling order. *See Mailing & Shipping Sys., Inc. v. Neopost USA, Inc.*, 292 F.R.D. 369, 374 (W.D. Tex. 2013) (allowing plaintiff to amend complaint to add claim based on information discovered in deposition taken after the pleading amendment deadline). This factor thus weighs at least slightly in favor of a finding of good cause.

    2.    *Importance of the amendment*

The second factor is the importance of the amendment. *Filgueira*, 734 F.3d at 422. Sanchez argues that the amendment is "unquestionably important" because he seeks to substitute a new defendant to this lawsuit—one who Sanchez alleges participated in the assault, advised Thomas to not write up an incident report about

---

[5] The undersigned agrees with Sanchez that the discovery Defendants previously provided in May 2023 listing Narvaiz as one of 28 other officers on duty the night of the incident would not have reasonably put Sanchez on notice of her role in the alleged assault—especially in light of Defendants' initial disclosures identifying Moreno as the third officer present during the incident. Dkts. 104-4, at 3-4; 113, at 2; 113-2.

it, and also later viewed video footage of the incident and did not preserve it. Dkts. 104, at 4-5; 104-1, at 5; 104-2, at 7; 104-3. Defendants respond that Sanchez's lack of diligence cuts against his argument that his proposed amendment is important. Dkt. 105, at 7-8. Yet in the case Defendants cite in support of this contention, the undersigned found a 13-month delay in seeking to add new plaintiffs with independent claims, whose identities were within plaintiffs' possession by the deadline to amend pleadings, to weigh against the proposed amendment's importance. *After II Movie, LLC v. Grande Commc'ns Networks LLC*, No. 1:21-CV-00709-RP, 2023 WL 6367704, at *3 (W.D. Tex. Sept. 29, 2023), *report and recommendation adopted*, No. 1:21-CV-709-RP, 2023 WL 6930739 (W.D. Tex. Oct. 19, 2023).

Here, in contrast, Sanchez's motion—also filed approximately one year after the deadline to amend pleadings—seeks to add a defendant whose role in the alleged assault forming the basis of this lawsuit was discovered only nine months after the deadline to amend the pleadings. Dkts. 32; 104-2; *Elvir v. Trinity Marine Prods., Inc.*, 327 F.R.D. 532, 544 (M.D. La. 2018), *aff'd*, No. CV 16-814-SDD-EWD, 2018 WL 4628320 (M.D. La. Sept. 27, 2018) (finding proposed addition of defendants "important to the relief sought by Plaintiffs on their wrongful death and survival claims" where additional defendants "may have caused or contributed to the death" at issue in the pending claims). Sanchez's claims against Narvaiz would also likely be barred by the applicable statute of limitations if Sanchez is not allowed to amend his complaint. *Braswell v. Jackson Cty., Miss.*, No. 1:13CV451-HSO-RHW, 2015 WL

11117904, at *3 (S.D. Miss. May 7, 2015) (finding proposed addition of new defendants important where those "claims may likely be barred by the statute of limitations in any future litigation"). The undersigned thus finds that the importance of substituting Narvaiz as a correct defendant in this lawsuit weighs in favor of a finding of good cause.

3.  *Potential prejudice and availability of a continuance to cure such prejudice*

The undersigned will next address the potential prejudice in allowing the amendment and the availability of a continuance to cure such prejudice. *Filgueira*, 734 F.3d at 422.[6] Sanchez argues that Defendants will not be prejudiced by the proposed amendment because Sanchez already deposed Narvaiz in this case, and as such Sanchez does not intend to seek further discovery if his amendment is allowed. Dkt. 104, at 5. Defendants respond that the substitution of Narvaiz as a proper defendant in this lawsuit would prejudice Defendants because they would need to conduct more discovery into Sanchez's claims against Narvaiz and file another dispositive motion as to her. Dkt. 105, at 8-9. Sanchez indicated that he is willing to provide additional discovery to Defendants if his proposed amendment is granted. Dkts. 104, at 5; 113, at 5.

Defendants are correct that any amendment at this stage in the litigation would cause increased costs and likely require a continuance of the upcoming

---

[6] "The [undersigned] considers the third factor, potential prejudice in allowing the amendment, and the fourth factor, the availability of a continuance to cure such prejudice, together because the two overlap." *Redden v. Smith & Nephew, Inc.*, No. 3:09-CV-1380-L, 2010 WL 4722263, at *3 (N.D. Tex. Nov. 22, 2010).

9

December 9, 2024, trial date. Dkts. 105, at 8-9; 114; *Rios v. City of Conroe*, 674 F. App'x 366, 369 (5th Cir. 2016) (recognizing that prejudice can result from amendment "adding substantial time and expense" to litigation). Yet as previously noted, Defendants themselves contributed to such delay and additional costs in failing to abide by their discovery obligations under Rule 26 by simply identifying Narvaiz in their initial disclosures—information that has been within their possession since the filing of this lawsuit. *See supra*, Section III(A)(1); *Elvir*, 327 F.R.D. at 547 (finding fourth factor weighed in favor of amendment where defendant "would have incurred those costs if [proposed additional parties] had been added as defendants in this litigation earlier and … [defendant] may have some responsibility for the delay in identifying the proper []entities to be named"). The undersigned finds that the third and fourth factors weigh in favor of amendment because Defendants contributed to the additional costs and delay by misidentifying Moreno, and a continuance is available[7] should the parties require an amendment to the existing scheduling order to effectively litigate Sanchez's claims against Narvaiz.

\* \* \*

Having considered these four factors individually and holistically, the undersigned concludes that Sanchez has demonstrated that, despite his diligence, he could not reasonably have met the deadline to add Narvaiz as a defendant in this lawsuit. *See E.E.O.C. v. Serv. Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at

---

[7] Should the District Judge adopt the undersigned's recommendation, the undersigned further recommends that the District Judge order the parties to update the Court within one week of granting Sanchez's motion to amend as to the need for any further modification to the scheduling order, including the trial date.

*3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012) ("Although three of the four factors favor granting the motion, the court assesses them holistically."); *S & W Enters.*, 315 F.3d at 535. Because Sanchez has established good cause as required by Rule 16(b)(4), the undersigned will next assess Sanchez's request under Rule 15's more lenient standards.

      **B.**      **Rule 15**

Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see also Jebaco Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009) (citing *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000)) ("[L]eave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile."). Under Rule 15, there are five considerations to determine whether to grant a party leave to amend a complaint: (1) "undue delay"; (2) "bad faith or dilatory motive"; (3) "repeated failure to cure deficiencies by amendments previously allowed"; (4) "undue prejudice to the opposing party by virtue of the allowance of the amendment"; and (5) "futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent these factors, the leave sought should be "freely given." *Id.*; *see also Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

The undersigned finds that Sanchez meets the Rule 15(a) standard for amending his complaint to substitute Narvaiz as a defendant in this lawsuit. As set forth above, Sanchez's explanation for his failure to timely move for leave to amend is sufficient to support amendment even considering Sanchez's own delay. *See supra* Section III(A)(1). First, based upon the same analysis, Sanchez did not unduly delay in seeking leave to amend.[8] Second, Sanchez has amended his complaint only twice before and did so based on representations by Defendants that Moreno was the correct defendant in this case, and there is no indication that the amendment now sought is for bad faith or a dilatory motive—even if Sanchez could have been more diligent in requesting this amendment after he discovered Narvaiz's involvement. Third, any prejudice can be mitigated by allowing an amendment of the scheduling order so that Defendants may propound more discovery and file a new dispositive motion as to Narvaiz before any trial in this case.

Finally, Sanchez's amendment is not futile, nor do Defendants argue that it is. *See* Dkt. 105, at 9-10. Although Sanchez's claim against Narvaiz would be time-barred if filed separately, it relates back to his original complaint since: (1) it arises from the same alleged assault; (2) Narvaiz had constructive notice of this lawsuit through Hays County—whose investigation of this case would have given her notice of her potential to be added as a defendant; and (3) Sanchez's misidentification of Moreno as to the proper defendant was due to Defendants' failure to disclose

---

[8] The undersigned rejects Defendants' challenge to Sanchez's alleged undue delay in seeking leave to amend, Dkt. 105, at 9-10, for the same reasons as stated in Section III(A)(1)—namely, Defendants' role in hampering Sanchez's identification of Narvaiz until well after the deadline to amend pleadings under the scheduling order.

12

Narvaiz's involvement in the incident. Fed. R. Civ. P. 15(c); *Green v. Doe*, 260 F. App'x 717, 718-19 (5th Cir. 2007); *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (finding proposed new defendant had constructive notice of pending lawsuit where "[t]he City Attorney answered the complaint on behalf of the City and Officer Osborne and, to do so, presumably investigated the allegations, thus giving the newly-named officers … notice of the action"). Sanchez has thus met Rule 15(c)(1)(C)'s requirements for when "the amendment changes the party or the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). In light of these considerations and in the interests of justice, the undersigned finds there is no "substantial reason" to deny Sanchez's motion for leave to amend his complaint.

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Sanchez's motion for leave to file a third amended complaint, Dkt. 104. In the event the District Judge adopts this report and recommendation, the undersigned further recommends that the District Judge order the parties, within one week of any order adopting this report and recommendation, to update the Court on their need for any further changes to the scheduling order precipitated by Sanchez's third amended complaint.

## V.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous,

conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 22, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE